UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA ORLANDO DIVISION

CASE NO.:

KIERA MANSHIP-COLEMAN,

Plaintiff,

v.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line.

Defendant.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff hereby sues MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line and alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, KIERA MANSHIP-COLEMAN, is a citizen of Wisconsin.

2. Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line (hereinafter, "DISNEY") is a foreign corporation incorporated in London, England which has its worldwide headquarters and principal place of business in Celebration, Florida.

3. The matter in controversy exceeds, exclusive interest and costs, the sum specified by 28 U.S.C. § 1332.As such, this matter falls under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Further, this matter is being filed in the United States District Court for the Middle District of Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant.

4. At all times material hereto, Defendant, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessel in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state; and/or

f. Issued a cruise line ticket to the Plaintiff that requires that this suit be brought in this Court against the named Defendant in this case.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**FACTS COMMON TO ALL COUNTS**

7. On or about September 6, 2025, Plaintiff, KIERA MANSHIP-COLEMAN, a 27-year-old female, was a fare-paying passenger aboard the *M/V DISNEY TREASURE*, a vessel owned and operated by Defendant.

8. At approximately 5:40 p.m., Plaintiff was walking from her lunch table toward a soda fountain located on Deck Eleven (11), midship, on the port side of the vessel, outside of Donald's Cantina.

9. As Plaintiff was walking toward the soda fountain, she encountered water on the Deck surface. The water appeared to be possibly leaking from or originating near the soda fountain.

10. Plaintiff slipped on the water, causing her right foot to roll underneath her as she fell toward

her right side.

11. The wet and slippery condition of the Deck created a dangerous and hazardous condition in an area where passengers were expected to walk and congregate.

12. Defendant, through its employees, agents, servants, and/or representatives, knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous wet and/or slippery condition in a heavily trafficked passenger area near the soda fountain, and/or the condition existed for a sufficient period of time to permit Defendant to discover and correct it.

13. Defendant failed to timely inspect the area, discover and remedy the wet and/or slippery condition, clean and dry the Deck, correct the source of the water, and/or provide adequate warning to passengers of the dangerous condition.

14. As a direct and proximate result of the dangerous condition and Defendant's acts and omissions, Plaintiff sustained injuries to her right foot, including fractures of the second, third, and fourth metatarsals.

## COUNT I- NELGIGENT FAILURE TO WARN PASSENGER

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

15. At all times material hereto, Defendant owed Plaintiff, as a fare-paying passenger aboard the *M/V DISNEY TREASURE,* a duty to exercise reasonable care for her safety and to warn her of dangerous and hazardous conditions of which Defendant knew or, in the exercise of reasonable care, should have known.

16. Defendant knew or, in the exercise of reasonable care, should have known of the wet and/or slippery condition present on the Deck in the area near the soda fountain outside of Donald's Cantina.

17. The wet and/or slippery condition presented an unreasonable risk of harm to passengers who were expected to walk through and congregate in the area.

18. Defendant had a duty to provide Plaintiff with a reasonable and adequate warning of the dangerous and hazardous condition so as to permit Plaintiff to avoid the condition and protect herself from injury.

19. Defendant breached its duty to warn Plaintiff by failing to provide any adequate warning, notice, signage, verbal instruction, or other reasonable means of alerting Plaintiff to the dangerous and hazardous wet and/or slippery condition on the Deck.

20. Defendant further breached its duty by failing to timely inspect the area, discover the dangerous condition, and take reasonable measures to warn passengers of the condition.

21. Defendant’s failure to adequately warn Plaintiff of the dangerous and hazardous condition was a direct and proximate cause of Plaintiff encountering the wet and/or slippery surface and slipping and falling.

22. As a direct and proximate result of Defendant’s negligence and failure to warn, Plaintiff suffered bodily injuries and damages.

23. Defendant’s acts and omissions were a direct and proximate cause of the injuries and damages sustained by Plaintiff.

24. Plaintiff suffered damages, including, but not limited to, bodily injury, pain and suffering, mental anguish, inconvenience, disability, disfigurement, loss of capacity for the enjoyment of life, medical expenses, and other damages as allowed by law.

25. Plaintiff continues to suffer damages as a result of the injuries sustained, and the full extent of her damages may not yet be known.

**WHEREFORE**, the Plaintiff, KIERA MANSHIP-COLEMAN demands judgment for all

damages recoverable under the law against Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line.

## COUNT II- NEGLIGENT CREATION, MAINTENANCE, AND FAILURE TO REMEDY DANGEROUS CONDITION

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

26. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, Defendant had a duty to reasonably maintain, inspect, clean, and monitor the passenger areas of the *M/V DISNEY TREASURE* so as to provide Plaintiff with a reasonably safe area in which to walk.

28. Defendant, through its crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of care owed to Plaintiff and were negligent in one or more of the following ways:

a. Failure to properly inspect the Deck in the area near the soda fountain outside of Donald's Cantina;

b. Failure to identify the water present on the Deck;

c. Failure to timely remove and/or clean the water from the Deck;

d. Failure to properly maintain the Deck in a reasonably safe condition for passengers;

e. Failure to timely remedy the wet and/or slippery condition on the Deck;

f. Failure to identify and/or correct the source of the water that created the dangerous condition;

g. Failure to take reasonable measures to prevent water from accumulating on the Deck in an area where passengers were expected to walk and congregate;

h. Allowing a dangerous and hazardous wet and/or slippery condition to exist in a heavily trafficked passenger area; and/or

i. Otherwise failing to exercise reasonable care for the safety of Plaintiff under the circumstances.

29. All or some of the above acts and/or omissions by Defendant, its agents, employees, and/or crewmembers directly caused and/or contributed to Plaintiff's incident because Plaintiff's slip and fall would not have occurred but for the above acts and/or omissions.

30. Defendant knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous wet and/or slippery condition on the Deck because the condition existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have discovered and corrected the condition.

31. Additionally, Defendant's knowledge of the dangerous condition was or should have been acquired through its routine inspection, cleaning, and maintenance of the subject area and through the activities of its employees, agents, and/or crewmembers responsible for maintaining the passenger areas of the vessel.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, and incurred medical expenses in the care and treatment of her injuries.

33. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, and incurred medical expenses in the care and treatment of her injuries.
In addition, Plaintiff lost the benefit of her vacation, cruise, and incurred transportation and other related expenses as a result of the incident.

**WHEREFORE**, the Plaintiff, KIERA MANSHIP-COLEMAN demands judgment for all

damages recoverable under the law against Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line.

**COUNT III-GENERAL NEGLIGENCE AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as though alleged originally herein.

34. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

35. At all times material hereto, Defendant, through its crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of care owed to Plaintiff and were negligent in one or more of the following ways:

a. Failure to provide Plaintiff with a reasonably safe area to walk on the Deck;

b. Failure to properly inspect the Deck and surrounding passenger areas;

c. Failure to identify and correct the dangerous and hazardous wet and/or slippery condition;

d. Failure to properly maintain the Deck in a reasonably safe condition;

e. Failure to timely remove and/or clean the water from the Deck;

f. Failure to properly maintain the area surrounding the soda fountain;

g. Failure to take reasonable measures to prevent water from accumulating on the Deck;

h. Failure to adequately monitor the passenger area for dangerous conditions;

i. Failure to implement and/or enforce adequate policies and procedures for the inspection, cleaning, and maintenance of passenger areas;

j. Failure to exercise reasonable care for the safety of Plaintiff; and/or

k. Such other acts and/or omissions as may be established through discovery and at trial.

36. All or some of the above acts and/or omissions by Defendant, its agents, employees, and/or crewmembers directly caused and/or contributed to Plaintiff's incident because Plaintiff's slip and fall would not have occurred but for the above acts and/or omissions.

37. All or some of the above acts and/or omissions by Defendant, its agents, employees, and/or crewmembers directly caused and/or contributed to Plaintiff's incident because Plaintiff's slip and fall would not have occurred but for the above acts and/or omissions.

38. Defendant knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous condition that caused Plaintiff's incident and should have taken reasonable measures to prevent Plaintiff from encountering the condition.

39. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained bodily injuries, suffered physical pain and suffering, mental anguish, inconvenience, disability, loss of enjoyment of life, and incurred medical expenses and other damages as a result of the incident.

40. Plaintiff's injuries and damages are permanent and/or continuing in nature, and Plaintiff may suffer additional losses, impairments, and expenses in the future.

41. Plaintiff also suffered the loss of the benefit of her cruise and vacation and incurred transportation and other expenses as a result of the incident.

**WHEREFORE**, the Plaintiff, KIERA MANSHIP-COLEMAN demands judgment for all damages recoverable under the law against Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line.

Dated: September 4, 2026.

Respectfully submitted,

GONZALEZ, P.A.
*Attorney for Plaintiff*
19 S. Krome Avenue
Homestead, Florida 33030

Telephone No.: (786) 429-1511
Facsimile No.: (305) 230-3298

By: *_/s/ Alejandro J. Gonzalez_______*
**ALEJANDRO J. GONZALEZ, ESQ.**
Florida Bar No. 015293
alex@agonzalezlaw.com
info@agonzalezlaw.com